UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

RODNEY HENRY CARTER                                                                      PLAINTIFF

v.                                                   CIVIL ACTION NO. 4:25CV-33-JHM

MICHAEL KEVIN HENDERSON                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Rodney Henry Carter filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

**I.**

Plaintiff sues Michael Kevin Henderson, the Grayson County Judge Executive. Where the complaint form asks for the basis of the Court's jurisdiction, Plaintiff indicates jurisdiction based on a federal question. Where the form asks the filer to list the specific federal statutes or constitutional provisions that have been violated, Plaintiff writes, "Constitutional rights are being violated."

In the "Statement-of-claim" section of the complaint form, Plaintiff states, "My constitutional rights are being violated by the defendant denying me access to my government constitution gives every one the right to access their government."

As relief, Plaintiff seeks monetary damages.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The pleading standard set forth in Rule 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'"

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty. Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

The complaint makes only conclusory allegations of violations of Plaintiff's constitutional rights which are not entitled to the assumption of truth. *See Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"). These conclusions are not supported by factual allegations that would "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The complaint does not contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Therefore, the complaint fails to meet the pleading standards of Rule 8(a) and must be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order dismissing the action.

Date: August 11, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010